UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>S. CHEFALO, <br><br>　　　　　Defendant. | 1:20-cv-01515-AWI-GSA-PC <br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS** <br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.　　BACKGROUND**

Edward Vincent Ray, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 27, 2020, Plaintiff filed the Complaint commencing this action, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 1, 2.)

**II.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

1

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP [or *in forma pauperis*]." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was

frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

### III.  ANALYSIS

#### A.  Three Strikes

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The strikes described in these cases all occurred prior to the filing of the present action on August 4, 2020.

 **(1) Ray v. Schoo, et al.,** Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal.) (dismissed on January 2, 2014, for failure to state a claim).

 **(2) Ray v. von Geldern,** Case No. 4:12-cv-00315-YGR (N.D. Cal.) (dismissed on October 25, 2012, for failure to state a claim).

 **(3) Ray v. von Geldern,** Appeal Case No. 12-17472, Ninth Circuit Court of Appeals (appellate court denied appeal as frivolous on February 28, 2013).

### B. Imminent Danger

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Cervantes, 493 F.3d at 1053.

In the Complaint Plaintiff alleges that he is imminent danger of serious physical injury because the defendant in this case, Sergeant Chefalo, stated, "You now have a target on your back" because Plaintiff filed a 602 grievance complaining about an officer's use of underground regulations over a hat. Complaint at 3, 4. Plaintiff states that he took that comment to mean that defendant Chefalo was going to have him assaulted, or assault Plaintiff himself, and that defendant's statement in prison is a death threat. Id. at 3. Plaintiff claims that since defendant's action one inmate who is in prison for murder told him, "You better pick your battles carefully," and while on the exercise yard Plaintiff overheard other inmates blame him for a "lack of program" due to filing grievances. Id. at 5. Plaintiff also claims that he has no "strikes," as his prior filings were more like habeas petitions than civil rights complaints. Id. at 3.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. Bradford v. Kraus, No. 2:19-CV-1753 DB P, 2020 WL 738554, at *2 (E.D. Cal. Jan. 23, 2020), report and recommendation adopted, No. 219CV1753KJMDBP, 2020 WL 731114 (E.D. Cal. Feb. 13, 2020) (citing see Cervantes, 493 F.3d at 1053.). Plaintiff has not described any specific threats indicating that he was about to be assaulted by anyone at the time he filed the Complaint. Plaintiff alleges that defendant Chafelo threatened him on August 18, 2020, which is more than two months before he filed the Complaint. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Speculation that Plaintiff may be assaulted at a later time is insufficient. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Plaintiff has not provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

Bradford, 2020 WL 738554, at *2 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's allegations fail to meet the imminent danger exception. Bradford, 2020 WL 738554, at *3 (citing see Hendon v. Kulka, No. 2:14-cv-2581 AC P, 2015 WL 4637962 at *2 (E.D. Cal. Aug. 3, 2015) (finding plaintiff's allegations that he was denied due process and suffered side effects stemming from involuntary medication failed to meet imminent danger exception).

Because Plaintiff fails to demonstrate that he meets the imminent danger exception to the three-strikes bar, this court will recommend that Plaintiff be required to pay the $400.00 filing fee for this case if he wishes to proceed with this case

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed *in forma pauperis* be denied under 28 U.S.C. § 1915(g); and

2. Plaintiff be required to pay the $400.00 filing fee in full within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __October 31, 2020__             __/s/ Gary S. Austin__
                                                         UNITED STATES MAGISTRATE JUDGE